IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | Criminal No: 1:21-cr-10066 |
| | * | Sentencing: 04/04/2024 @2:00pm |
| CHUKWUNONSO UMEGBO | * | Judge: O'Toole |
| | * | |
| Defendant(s). | * | |
| _____ | * | |

## POSITION OF THE DEFENDANT WITH RESPECT TO SENTENCING FACTORS AND DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

**COMES NOW**, Defendant, **CHUKWUNONSO UMEGBO,** by and through, John O. Iweanoge, II, and THE IWEANOGES FIRM, P.C., his attorneys, and submits this position of the defendant with respect to sentencing factors, pursuant to this Court's policy regarding procedures to be followed in Sentencing, and in accordance with section 6A1.2 of the United States Sentencing Guidelines. His sentencing memorandum is also incorporated hereto.

## DEFENDANT'S OBJECTIONS AND/OR EXCEPTION TO PSR

Defendant has legal and/or factual objections and/or exceptions to the Presentence Investigation Report, that are contained in the final PSR from page 30 through page 33.

First, Mr. Umegbo objects to page 6, paragraph 9 which describes the offense conduct that describes him as a co-conspirator to any person, in a case that is not a conspiracy case neither was his plea. Also, he objects to page 8, paragraph 15 as his case does not involve Kenneth Buck.

Second, further he objects to page 8, paragraph 16 through 22, because it ascribes actions of alleged co-conspirators in a non-conspiracy case to buttress an extreme hardship argument in denying a 4C1.1 zero offender departure that he is entitled. Paragraph 18 discusses the actions of Mr Osei and not Mr Umegbo. Paragraph 19, then says, Umegbo, Osei and other co-conspirators, which is factually insufficient in denying 4C1.1.

1

Additionally, paragraphs 20 and 22, again discusses the actions of an alleged co-conspirators in an indictment that doesn't charge conspiracy. These conclusory allegations with any specificity to Mr Umegbo doesn't satisfy the requirements for extreme financial hardship attributable to the actions of Mr Umegbo. Third, Mr Umegbo objects to page 10, paragraph 28 which claims that Mr Umegbo worked with Mr Osei, who in turn coordinated with other co-conspirators. While this statement contradicts page 6, paragraph 9, was not in any conspiracy with anyone and similarities in action doesn't make one a member of a conspiracy. Fourth, Mr Umegbo further objects to pages 10 and 11, paragraphs 29 through 36 was not in any conspiracy neither did he plead guilty to conspiracy.

Fifth, Mr Umegbo objects to page 13, paragraph 46 because upon information and belief, the passports are fake, there are no holograms, no fake visas, no entry/exit stamps for the application of authentication feature enhancement. Sixth, Mr Umegbo objects to page 13, paragraph 52 because he is eligible for the zero point offender departure despite the conclusory statement without facts about Mr Umegbo action(s) and nexus with a particular victim(s) sufficient for a finding of extreme financial hardship enhancement.

Mr. Umegbo's requests credit for his time in custody from London for this case from 4/4/2022 because it satisfies the requirement of U.S.C. 3585(b) (1).

Specifically, Mr. Umegbo objects to the 2-level enhancement for possession or use of an authentication feature under 2B1.1b(11) (A) (ii). As discussed in Mr. Umegbo's objection to the PSR, probation's application of this enhancement under the theory that the fake passports that he used to open bank accounts triggered this enhancement. However, an authentication feature under 2B1.1b (11) (A) (ii) and the corresponding 18 U.S.C. 1028 (d) definition of terms authentication feature and identification documents and means of identification refer to actual (and not fictitious) individuals. See United States v. Kofi Osei, 21-cr-10064-IT.

Mr. Umegbo also specifically objects to the denial of 4C1.1 zero offender 2-level reduction in the PSR calculation based on a finding by probation that there was substantial financial hardship to one or more victim in this case. First, it is not whether there is hardship, but substantial financial hardship. Second, substantial loss of a retirement, education, or other savings or investment fund. The United States and Probation seem to aggregate a loss amount that pertain to more than one defendant and use it to argue loss of $460, 000, that is not loss only to the actions of Mr. Umegbo.

## DEFENDANT'S REQUEST FOR A VARIANCE/DEPARTURE

Mr. Umegbo submits that there are factors that may warrant a variance/departure based on illegal alienage.

Because he is not a US citizen, this conviction subjects him to removal from the United States, which are grounds for departure. *U.S. v. Smith*, 27 F. 3d 649 (307 US App. DC 1994); *U.S. v. Cassells*, 66 F.3d 377 (4th Cir.).

Also, his status as a deportable alien precludes him from participation in certain BOP programs. *Lartey v. Department of Justice*, 790 F. Supp. 130 (US District Court W/D LA 1992).

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

*"[S]urely, if ever a man is to receive credit for the good he has done, and his immediate misconduct assessed in the context of his overall life hitherto, it should be at the moment of his sentencing, when his very future hangs in the balance."*[1] Mr. Umegbo respectfully submits this memorandum requesting that the Court consider his entire life and all that he has done in

---

[1] *United States v. Adelson*, 441 F. Supp.2d 506 (S.D.N.Y. 2006) ("This elementary principle of weighing the good with the bad, which is basic to all the great religions, moral philosophies, and systems of justice, was plainly part of what Congress had in mind when it directed courts to consider, as a necessary sentencing factor, 'the history and characteristics of the defendant'.")

contemplating a sentence "sufficient but not greater than necessary" to satisfy all of the statutory purposes of sentencing.

## THE COURT MUST IMPOSE A SENTENCE "SUFFICIENT BUT NOT GREATER THAN NECESSARY" TO COMPLY WITH THE PURPOSES OF 18 U.S.C. § 3553

As the Court is well aware, the guidelines are now advisory only, that is, one among a **number of factors to be weighed by the sentencing court**. *United States v. Booker*, 543 U.S. 220 (2005); *United States v. Price*, 409 F.3d 436, 443 (D.C. Cir. 2005) (noting that *Booker* excised mandatory Guidelines provision of 18 U.S.C. § 3553(b) but that § 3553(a)'s specification of factors that guide federal sentencing, including application of Guidelines, remains in effect). As the *Price* Court stated, "[t]hese factors include, among others, the nature of the offense, the defendant's history, the need for the sentence to promote adequate deterrence and to provide the defendant with needed educational or vocational training, any pertinent policy statements issued by the Sentencing Commission, the need to avoid unwarranted disparities among similarly situated defendants, and the need to provide restitution to any victims." *Id.* at 442 (citing § 3553(a)).

The most important consideration for the District Court in sentencing Mr. Umegbo must be the directive of Congress to "impose a sentence sufficient but not greater than necessary, to comply with [the purposes of sentencing]". 18 U.S.C. § 3553(a). *See e.g.*, *United States v. Minisro-Tapia* 470 F.3d 137, 142 (2d Cir. 2006); *United States v. Yopp*, 453 F.3d 770, 774 (6th Cir. 2006); *United States v. Rodriguez-Rodriguez*, 441 F.3d 767, 770 (9th Cir. 2006); *United States v. Ranum*, 353 F. Supp.2d 984, 986 (E.D.Wis. 2005). While the standard on appeal is whether the sentence is reasonable, that is not the standard for the District Court. *United States v. Collington*, 461 F.3d 805, 807 (6th Cir. 2006) ("a district court's mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2). Reasonableness is the *appellate* standard of review in judging whether a district court has accomplished its task."); *United States v. Foreman*, 436 F.3d

638, 644 n.1 (6th Cir. 2006) ("a district court's job is not to impose a 'reasonable' sentence. Rather, a district court's mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).

**ARGUMENT**

After determining the sentence under the Guidelines, a District Court has a statutory duty to consider factors independent of the Guidelines in arriving at a final sentence that is in compliance with the sentencing mandate of §3553(a). Given the factors under §3553(a) present in this case, it is apparent that the Guidelines sentence for Mr. Umegbo is substantively unreasonable. After *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the sentencing judge must consider all relevant §3553(a) factors, including the applicable guideline range. Mr. Umegbo recognizes that because the Guidelines are advisory, the sentencing court has full discretion to impose a sentence independent of the Guidelines, but within the statutory range. *United States v. Hughes*, 396 F.3d 374, 377-78 (4th Cir. 2005); *Kimbrough v. United States*, 552 U.S. 85, 570, 128 S.Ct. 558, 169 L. Ed. 2d 481 (2007); *Gall v. United States*, 128 S.Ct. 586, 597 n.6 (2007). He further recognizes that a district court's discretion to impose a statutory sentence outside the Guidelines is extremely broad and the resulting sentence will be upheld "as long as it is within the statutorily prescribed range and is reasonable." *Hughes*, 396 F.3d at 378; see also *United States v. Iskander*, 407 F.3d 232 (4th Cir. 2005); *United States v. Pierce*, 409 F.3d 228 (4th Cir. 2005); *United States v. Riggs*, 410 F.3d 136 (4th Cir. 2005). However, Mr. Umegbo contends that his guideline sentence is unreasonably lengthy, because it does not comply with the sentencing mandate of §3553(a).

**A.   The §3553(a) Sentencing Mandate**

When sentencing a defendant, a district court is bound to follow the dictates of 18 U.S.C. §3553(a). Section 3553(a) is comprised of two distinct parts: the so-called "sentencing mandate"

contained in the prefatory clause of §3553(a) and the "factors" to be considered in fulfilling that mandate. Those factors include:

  (1)  the nature and circumstances of the offense and the history and characteristics of the defendant.
  (2)  the need for the sentence imposed–
     (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.
     (B)  to afford adequate deterrence to criminal conduct.
     (C)  to protect the public from further crimes of the defendant; and
     (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
  (3)  the kinds of sentences available.
  (4)  the advisory guideline range.
  (5)  any pertinent policy statements issued by the Sentencing Commission.
  (6)  the need to avoid unwarranted sentence disparities; and
  (7)  the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a). Neither the statute itself nor *Booker* suggests that any one of these factors is to be given greater weight than any other factor. *Booker*, 543 U.S. at 245-46. However, all factors are subservient to §3553(a)'s mandate to impose a sentence not greater than necessary to comply with the four purposes of sentencing.

The overriding principle and basic mandate of §3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in §3553(a)(2). This is the so-called "parsimony provision," which requires district courts to impose the minimum punishment needed to satisfy the purposes of sentencing – just punishment, deterrence, protection of the public and rehabilitation of the defendant. *See United States v. Williams*, 475 F.3d 468, 476-77 (2nd Cir. 2007); *United States v. Ferguson*, 456 F.3d 660, 667 (6th Cir. 2006); *United States v. Denardi*, 892 F.2d 269, 276-77 (3rd Cir. 1989). While district courts must in all cases "consider" the guideline range, *Booker*, 543 U.S. at 245-46, the guidelines do not subordinate the other factors in §3553(a). Rather, it is the parsimony provision that serves as "the guidepost for sentencing decisions post-*Booker*." *United States v. Ferguson*, 456 F.3d 660, 667 (6th Cir. 2006).

### B. Sentencing Pre-*Rita*

Justifying a sentence outside the range does not require canvassing all the factors set forth in § 3553(a), "' it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less'" *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005)). A sentence is reasonable if imposed "for reasons that are logical and consistent with the factors set forth in 3553(a)." *United States v. Williams*, 425 F.3d 478, 481 (7th Cir. 2005).

### C. Sentencing Post-*Rita*

Not long ago, the Supreme Court held that a guideline sentence may, on appellate review, be presumed reasonable. But that presumption "applies only on appellate review." *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 2463, 168 L.Ed. 2d 203 (2007). Importantly, "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply". *Rita*, 127 S.Ct. at 2465. The *Rita* Court was careful to note that, although the courts of appeals may presume reasonable a within guideline sentence, they may not presume a non-guideline sentence to be unreasonable, and district courts need not impose sentences greater than they believe necessary out of fear of reversal. *Id* at 2467.

### D. Application of the Section 3553(a) Principles and Factors of this Case

Mr. Umegbo entered a plea of guilty to a nine (9) Count Indictment charging him with wire fraud and related offenses in violation of 18 U.S.C. § 1343. The probation officer prepared a Presentence Report ("PSR"). The officer set the total offense level at 26. That offense level when coupled with Mr. Umegbo's criminal history category of I results in guideline imprisonment range of 63-78 months. Mr. Umegbo incorporates by reference as if fully set forth herein PSR page 12, paragraph 40 through 44 and page 13, paragraph 45 through 55.

#### 1. The Nature and Circumstances of the Offense

One of the factors the Court is directed to consider under Section 3553 is the nature and circumstances of the offense. Here, the nature and circumstances of Mr. Umegbo's role in the offense, and no prior contact with the Criminal Justice System, requires a reasonable sentence of time served from 4/4/2022 through 4/4/2024 in this case.

The Court must consider the "nature and circumstances of the offense" in determining the sentence to be imposed. 18 U.S.C. 3553(a)(l). Because "atypical cases were not adequately taken into consideration" by the Guidelines "factors that may make a case atypical provide potential bases for departure. *Koon v. United States,* 518 U.S. 81, 94 (1996) (quoting Guidelines).

## II. The Circumstances and History of the Defendant

Section 3553 also directs the Court to consider the circumstances and history of the Defendant when determining what sentence is appropriate. In determining the particular sentence to be imposed, 18 U.S.C. 3553(a)(l) directs the Court to consider the "history and characteristics of the defendant." Mr. Umegbon has strong ties with his family and plays an indispensable role as in the lives of his wife and children, takes care of his aging parents and his siblings. Accordingly, any sentence within the Guidelines range would be far greater than necessary to achieve the 3553 sentencing goals, and a reasonable sentence of time served from 4/4/2022 through 4/4/2024 is warranted. Mr. Umegbo incorporates by reference as if fully set forth herein PSR page 15, paragraph 64 through 66; page 16, paragraph 67 through 71; page 17, paragraph 72 through 79 and page 18, paragraph 80 through 82.

Mr. Umegbo is a 38-year-old male who is educated and father of four (4) young children and incorporates by reference as if set forth here, page 15, paragraph 64 through 66 and page 16, paragraph 67 of the PSR.

While Mr. Umegbo has maintained employment over a long period of time, good relationship with his family, however, he accepted responsibility in this case. Mr. Umegbo incorporates by reference as if set forth here, page 18, paragraph 81 through 82. This history of redeemable qualities should be considered when determining what sentence is reasonable under § 3553.

### III.    The Need to Avoid Unwarranted Sentencing Disparities

The need to avoid unwarranted sentencing disparities is another consideration under Section 3553. Imposition of a sentence inside the guideline range would in this instance increase sentence disparities among defendants with similar records found guilty of similar conduct, rather than avoid such disparity, as called for by USSG.

The Federal Sentencing Guideline Manual Ch. 1, Pt. A. § 2 states that 'If…a particular case presents a typical feature, the Act allows the court to depart from the guidelines and sentence outside the prescribed range."

The Court is required to consider relevant policy statements of the Sentencing Commission. 18 U.S.C. § 3553(a)(5). The Court is required to avoid unwarranted disparities in imposing a sentence. 18 U.S.C. § 3553(a)(6). It is also required to impose a sentence that will promote respect for the law. *Id*. § 3553(a)(2)(A).

In United States v Kofi Osei, 21-cr-10064-IT, with a generous defense guideline calculation and a loss amount of $4.3M resulted a range of 87-108 but the Court sentenced Mr. Osei to 54 months.

The other cases cited by the United States and/or Probation are not similar in terms of the loss amount and/or guideline sentencing factors that the Court has to consider in fashioning a sententence.

**VARIANCE/DEPARTURE BASED ON ILLEGAL ALIENAGE**

There is an Immigration detainer currently, because he is not a US citizen, and was extradited

to the United States and thereafter paroled into the District Of Massachusetts because of this pending case, as contained in page 3 of the PSR. Additionally, the conviction in this case of what is considered an aggravated felony because the amount exceeds $10, 000 according to ICE guidelines, makes him a deportable alien. The defendant's illegal alienage which makes him a deportable alien, could be grounds for variance/departure. A departure may be warranted if the defendant is a deportable alien. According to *United States vs. Renford George Smith*, 27 F. 3d 649 (D.C. Circuit 1994); *United States vs. Gideon Cassells*. 66 F.3d 377 (4th Cir. W.Va. 1995), a departure from the federal sentencing guideline may be warranted for a deportable alien since a period of incarceration is harsher for illegal aliens as they are not entitled to privileges available to United States citizens, pursuant to the Bureau of Prison Guidelines.

The Federal Sentencing Guideline Manual Ch. 1, Pt. A. § 2 states that 'If…a particular case presents a typical feature, the Act allows the court to depart from the guidelines and sentence outside the prescribed range."

In *Smith* 27 F. 3d at 655 the Court held that "a downward departure may be appropriate where the defendant as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence."

Mr. Umegbo's status as a "deportable alien renders him ineligible for benefits of 18 U.S.C. § 3624(c), which directs the bureau of prisons, to the extent practicable, to assure that prisoners spend part of the last 10% of their sentences under conditions (possibly including home confinement) that will afford the prisoner a reasonable opportunity to adjust and prepare for reentry into the community. '*Id at 654.* The Bureau of Prisons regulations bar Mr. Umegbo (non-United States citizen) from assignment to a community corrections center except in what appear to be rare circumstances. See Federal Bureau of Prisons, Program Statement 5100.04: Security Designation and Custody

Classification Manual, Ch. 2-9 (June 15, 1992). *Id at 651*.

The Bureau of Prison policy will prevent Mr. Umegbo from being assigned to serve any part of his sentence in a minimum-security prison, unlike a United States citizen. Mr. Umegbo "a deportable alien will be assigned to a more drastic prison than otherwise solely because his escape would have the extra consequence of defeating his deportation." *Id at 655*. Therefore, Mr. Umegbo's status as a deportable alien would have clearly generated increased severity and thus a proper subject of a departure." *Id*. The court in *Cassells* 66 F. 3d 317, also indicated that the district court has discretion to depart from the Federal Sentencing guidelines based on the above-mentioned reasons. *See also* 18 U.S.C. § 3553(f). Accordingly, any sentence within the Guidelines range would be far greater than necessary to achieve the 3553 sentencing goals, and Mr. Umegbo submits that a reasonable sentence of time served from 4/4/2024 through 4/4/2024 is warranted in this case.

**IV. The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law and to Provide Just Punishment for the Offense, to Afford Adequate Deterrence, to Protect the Public from Future Crimes and to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment**

Some of the very statutory factors which are the ultimate guide to sentencing decisions post-*Booker* clearly argue in favor of less prison time, not more. With a defendant ultimately suffering from the stigma of conviction, for example, there is facially less need for the sentence imposed to protect the public from further crimes of the defendant, but to provide the defendant with needed educational or vocational or correctional training and/or treatment.

"Though punishing a particular individual may incapacitate him for awhile and may deter others, as a general rule, the threat of punishment is an unproductive method for achieving behavioral change….. Most criminologists have concluded, instead, that it is an individual's perception of the probability of getting caught that serves as a greater than the severity of the sanction." James M.

Lager, *Overcoming Cultures of Compliance to Reduce Corruption and Achieve Ethics in Government*, 41 MCGEORGE L. REV., 63, 70 (2009).

Mr. Umegbo is a 38-year-old man who is a hard worker and has maintained employment since the time he was old enough to work. He has no prior criminal convictions. Statistically, he presents among the lowest risks possible for recidivism. See U.S. Sentencing Commission, *Measuring Recidivism: the Criminal History Computation of the Federal Sentencing Guidelines*, A Component of the Fifteen Year Report on the U.S. Sentencing Commission's Legislative Mandate (May 2004).

Nor can it promote respect for the law to give Mr. Umegbo a prison sentence that can quite credibly be viewed as greater than the sentence he likely would have received if there were no guideline as to his actual role in this offense, as compared to Kofei Osei. In light of the sentencing disparity outlined above, and the other factors outlined by section 3553 including the nature and circumstances of the offense/role and the character of Mr. Umegbo, the circumstances of this case, he requests that the Court impose a sentence that is not greater than necessary.

A reasonable sentence of time served from 4/4/2022 through 4/4/2024 reflects the seriousness of Mr. Umegbo's role, while at the same time accounting for the circumstances surrounding this offense and his individual circumstances, operates to promote respect for the law and to provide just punishment for the offense. A reasonable sentence of time served from 4/4/2022 through 4/4/2024 operates to promote respect for the law and to provide just punishment for the offense, to afford adequate deterrence to protect the public and to provide Mr. Umegbo with needed educational or other correctional treatment and decrease the chances that he would return to Court, *albeit* there is a zero to low risk of recidivism in light of her role in this offense and her age at this time. Mr. Umegbo has learnt his lesson from this case.

Respect for the law is promoted not by long sentences, but by justice tempered with mercy.

Respect for the law is not born of unnecessarily lengthy sentences, but of sentences appropriate for each individual defendant under the particular circumstances of the case. Why else would Congress dictate that the sentencing court determine what sentence is "sufficient but not greater than necessary" to satisfy the purposes of sentencing?

Mr. Umegbo , a father to 4- young children, has now been incarcerated since 4/4/2022 and was the sole provider for his wife and 4 young children who will continue to suffer greatly if he is continued to be incarcerated. In terms of rehabilitation, Mr. Umegbo has learnt his lesson from this case. There is already a strong deterrence value in the fact that Mr. Umegbo by the sentencing date would have been incarcerated for 24 months from 4/4/2022 through 4/4/2024.

Finally, the ends of justice will be served if Mr. Umegbo receives a reasonable sentence of time served from 4/4/2022 through 4/4/2024 in this case.

## **RESTITUTION/FORFEITURE**

Restitution does apply and Mr. Umegbo is ready to start paying restitution in this case.

## **FINE**

The defense agrees with the finding that Mr. Umegbo does not have adequate resources to pay any fine or the cost of incarceration or supervision upon release in page 18, para. 83 through 85. of the PSR.

Finally, there is no point in sentencing Mr. Umegbo within or over and above the guideline because he has not been found guilty of a traditional violent crime or potentially dangerous crime.

> … the Sentencing Guidelines do not displace the traditional role of the district court in bringing compassion and common sense to the sentencing process.
> … In areas where the Sentencing Commission has not spoken … district Courts should not hesitate to use their discretion in devising sentences that provide individualized justice". U.S. v. Williams, 65 F. 3d 301, 309-310 (2d Cir. 1995).

Under the above-described circumstances, "individualized justice" for Mr. Umegbo is a sentence of time served from 4/4/2022 through 4/4/2024, below the guideline to be served, with a period of supervised release.

**WHEREFORE,** for all the above stated reasons and for such other reasons offered at the sentencing hearing, the Defendant, **CHUKWUNONSO UMEGBO**, respectfully requests that this Court make such requested findings and consider the combination of sentencing factors contained herein in this defense position and the sentencing position of the Government in relevant parts.

Respectfully submitted,

THE IWEANOGES FIRM, P.C.

Chukwunonso Umegbo
Defendant by Counsel

By: ____/S/JohnOIweanoge/S/_____
John O. Iweanoge, II (VSB#: 47564)
IWEANOGE LAW CENTER
1026 Monroe Street, NE
Washington, DC 20017
Phone: (202) 347-7026
Fax: (202) 347-7108
Email: joi@iweanogesfirm.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of April, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) constituting service to all interested parties and attorneys of record.

Dated: 1st of April, 2024.	/S/JohnOIweanoge/S/
	John O.Iweanoge II